IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIM. ACT. NO. 2:23-cr-304-RAH |
| v. | ) | [WO] |
| | ) | |
| DOMINIC CLARK COBB | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Dominic Clark Cobb was charged on September 12, 2023, in an indictment with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1.)

On November 8, 2023, Cobb filed a motion to suppress (Doc. 16), in which he sought to suppress a firearm found in a fanny pack.  Claiming the officers did not have a warrant to search, Cobb contends all evidence seized and the fruits thereof should be suppressed because the search and seizure violated the Fourth Amendment to the United States Constitution.

The Magistrate Judge held an evidentiary hearing on the motion.  Thereafter, the Magistrate Judge recommended denial of the motion to suppress the seizure of the firearm.  On January 22, 2024, Cobb filed Objections (Doc. 38) to the Magistrate Judge's Report and Recommendation (Doc. 37).  Cobb objects to the Magistrate Judge's determination that the seizure of the firearm is not a violation of the Fourth

Amendment.  Upon an independent and de novo review of the record, including a review of the transcript, and for the reasons that follow, the Court overrules Cobb's Objections.

## I.  STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*.  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions."  FED. R. CRIM. P. 59(b)(3).

De novo review requires the district court to independently consider factual issues based on the record.  *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record."  *Id.* (citation omitted).  If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding.  *Id.*  This Court has reviewed the entire transcript of the suppression hearing, as well as the evidentiary materials.

## II.  DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her

Recommendation.  Consequently, a summary of the facts related to the motion to suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact.

In his Objections, Cobb asserts the Magistrate Judge erred in concluding that the officers were justified in conducting a warrantless search of the fanny pack after he was rendered incapacitated by a taser and handcuffed. He argues the Government cannot show, and the Magistrate Judge unreasonably concluded, that under such circumstances, Cobb had access to the fanny pack.  Quoting *Arizona v. Gant*, he contends that, because at the time of the search, "there [was] no possibility that [he] could reach into the area that law enforcement officers [sought] to search . . . the search-incident-to-arrest exception does not apply." 556 U.S. 332, 339 (2009).

As discussed in the Recommendation, a search incident to an arrest is an exception to the warrant requirement of the Fourth Amendment.  (Doc. 37 at 7, citing *United States v. Robinson*, 414 U.S. 218, 224 (1973).)  "The justification or reason for the authority to search incident to a lawful arrest rests quite as much on the need to disarm the suspect in order to take him into custody as it does on the need to preserve evidence on his person for later use at trial." *Robinson*, 414 U.S. at 234. The Eleventh Circuit has "found that searches of wallets or bags on or near the arrestee are valid searches incident to arrest under a variety of factual

circumstances." *United States v. Jean*, 636 F. App'x 767, 769 (11th Cir. 2016) (listing cases).

Cobb argues that the Eleventh Circuit's decision in *Jean* supports his position because the Eleventh Circuit recognized that the search of a defendant's bag after he had been handcuffed may have been invalid. The Court does not read the per curiam opinion as such an acknowledgement. In *Jean*, the court found that, although the defendant was not immediately able to gain possession of the gun once in handcuffs, the bag was found on his person when he was arrested. *Id.*, 636 F. App'x at 769. The court suggested that, "[*e*]*ven if the search was not valid under our precedent*, 'the contents of the bag would nevertheless had been admissible because the officers inevitably would have discovered the evidence in a routine inventory search following [Jean's] arrest.'" *Id.* (quoting *United States v. Rhind*, 289 F.3d 690, 694 (11th Cir. 2002))(emphasis added). The Eleventh Circuit, however, concluded that *the lower court did not err* in determining that the search of the book bag was a valid search incident to arrest. The court, in its persuasive opinion, did not hold that the search of a bag after a defendant is handcuffed amounts to a violation of the Fourth Amendment.

In this case, Cobb was wearing the fanny pack at the time the officers initially attempted to handcuff and arrest him. As Cobb attempted to hand his fanny pack to

4

a friend, an officer grabbed it.  The officer testified that, while pursuing Cobb, he held onto the fanny pack and that he felt something hard and shaped like a firearm. After apprehending Cobb, albeit with a taser and later handcuffs, the officer unzipped the pack and found the gun.  Under these circumstances, the search of Cobb's fanny pack incident to the arrest was lawful.  *See*, *e.g.*, *United States v. Mackie*, No. 23-CR-20204-RAR, 2023 WL 6552479, at *6 (S.D. Fla., Oct. 9, 2023) (finding law enforcement's search of a crossbody bag from defendant's person during arrest was lawful search incident to arrest).

This Court agrees with the Magistrate Judge's thorough and well-reasoned Recommendation.

## III.  CONCLUSION

Accordingly, it is ORDERED as follows:

1.  Cobb's Objections (Doc. 38) are OVERRULED;

2.  The Report and Recommendation of the Magistrate Judge (Doc. 37) is ADOPTED;

3.  The Motion to Suppress (Doc. 16) is DENIED.

DONE, on this the 18th day of March 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

5